IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| ISRAEL C. RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:11-CV-00719-JPG |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN B. FOX, WARDEN FCI | ) | |
| BEAMONT | ) | |
| | ) | |
| Respondents. | ) | |

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

COMES NOW, Defendant Israel C. Ramirez, who hereby submits the following motion under 28 U.S.C. § 2255. In support of said motion, Defendant states as follows:

1.      Defendant is currently incarcerated at FCI Beaumont Medium – Federal Correctional Institution, 5830 Knauth Road, Beaumont, TX 77705. Defendant BOP Inmate # is 07473-025.

2.      Defendant was convicted in the United States District Court for the Southern District of Illinois in East St. Louis, Illinois. The Criminal Case Number was 3:08-CR-30182-JPG (PMF).

3.      Defendant was convicted on December 2, 2008. Sentencing was held on March 26, 2009.

4.      Defendant was sentenced to a term of 300 months and five years of supervised release.

5.      Defendant was charged in a one count indictment with Possession with

Intent to Distribute 1,000 kilograms or more of Marijuana, in violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(A)(vii).

6.    Defendant pled guilty to the one count indictment, but not pursuant to a plea agreement with the Government.

7.    Defendant did not go to trial.

8.    Defendant did not testify at a pretrial hearing, trial or post-trial hearing.

9.    Defendant appealed from the judgment of conviction.

10.    Defendant appealed the judgment of conviction to the United States Court of Appeals for the Seventh Circuit. The appellate case number was 09-1815. The judgment of the district court was affirmed on May 21, 2010. The mandate of the court issued on June 14, 2010. The citation to the case is *United States v. Ramirez*, 606 F.3d 396 (7th Cir. 2010). Defendant did not file a petition for certiorari in the United States Supreme Court. The ground raised in the appeal to the Seventh Circuit were the following:

a.    The Defendant's convictions in Texas for domestic assault were not divisible and thus should not have been used as predicate offenses to find that he was a career offender.

b.    Even if such convictions were divisible, the district court committed plain error by sentencing him as a career offender in that there was an insufficient record to base such a finding.

11.    Defendant has not filed any other motions, petitions, or applications concerning this judgment of conviction in any court, other than the direct appeal mentioned above.

2

12.     Defendant asserts that the instant petition is timely filed. Defendant did not file a petition for certiorari in the United States Supreme Court. The deadline for filing said petition was August 19, 2010, ninety days after the Seventh Circuit affirmed the judgment of the district court. *See* U.S. Sup. Ct. R. 13 (1). Pursuant to the United States Supreme Court case of *Clay v. United States*, 537 U.S. 522 (2003), the one year time limitation to file a motion under Section 2255 begins to run on the date the judgment becomes final, which is when the time expires to file a petition for certiorari to the U.S. Supreme Court contesting the appellate court's affirmation of the conviction. *Id.* at 525.

13.     Defendant states the following grounds and the facts underlying such grounds as to why he is being held in violation of the Constitution, laws, or treaties of the United States.

**Ground One**: Ineffective Assistance of Counsel During Sentencing Phase

(a)     **Supporting Facts**:

(1)     **Procedural History and Facts**

Defendant entered an open plea of guilty to the one count indictment on December 2, 2008. (Doc. 25). A pre-sentence report interview was conducted and the initial pre-sentence investigation report ("PSR") was disclosed on February 19, 2009. (Doc. 26). The first PSR came back with Defendant assigned a total offense level of 29 and a criminal category history of IV (eight criminal history points). *Id.* at ¶¶ 26, 37. This put Defendant's advisory guideline range at 121 to 151 months. *Id.* at ¶ 72. The PSR was amended the next day to reflect the application of the career offender guidelines. (Doc. 27). Defendant was thus assigned a total offense level of 34 and a criminal category of VI, with a resultant advisory guideline range of 262 to 327 months.

The United States filed an objection to the first PSR arguing that a two level enhancement for use of a special skill should be added pursuant to Section 3B1.3. (Doc. 28). Defendant's counsel filed a response objecting to the application of the two level enhancement. (Doc.29). Defendant's counsel also filed his objections to the PSR on March 11, 2009. (Doc. 30). Defendant's counsel, however, did not raise any objections which would have impacted the advisory guideline range, nor was there any objection challenging the application of the career offender guidelines. *Id.* A second revised PSR was disclosed on March 26, 2009 (Doc. 32). The Second PSR agreed with the Government's objection and added the two level increase for use of a special skill pursuant to Section 3B1.3. *Id.* On March 26, 2009, the Defendant's sentencing was held in Benton, Illinois. (Doc. 37). The district court adopted the Second Revised PSR and found that Defendant's total offense level was 34 and that his criminal history category was VI. *Id.* The district court found the Defendant's advisory guideline range to be 262 to 327 months. *Id.* Defendant was subsequently sentenced to a term of 300 months. *Id.* Defendant's counsel did not object to the application of the career offender guidelines at the sentencing hearing.

Defendant's counsel filed a notice of appeal on March 26, 2009. (Doc. 35). Defendant's counsel, John Stobbs, was appointed to represent Defendant during these proceedings. Mr. Stobbs filed an "Anders" brief with the Seventh Circuit along with a request to withdraw as Defendant's appellate counsel. Mr. Stobbs argued that there was no non-frivolous issues for appeal, except for the reasonableness of the sentence. Mr. Stobbs did not raise the issue of the career offender guidelines with the Seventh Circuit. The Seventh Circuit denied Mr. Stobbs request to withdraw, concluding that the appeal

4

was not frivolous. A true and correct copy of the Seventh Circuit's decision is hereto attached as Exhibit A. Specifically, the Seventh Circuit held that counsel overlooked the question of whether or not the district court committed plain error in applying the career offender guidelines. *Id.* The Seventh Circuit noted the possibility that Defendant's Texas assault convictions might not qualify as crimes of violence because the specific Texas statute in question permitted convictions under a "reckless" standard. *Id.* For this proposition, the Seventh Circuit cited to two prior decisions (*Wood* and *Smith*) for support. While *Wood* was decided in August of 2009, *Smith* was decided in September of 2008, some six months before Defendant was sentenced.

The Seventh Circuit further stated that the district court could not consult various sources mentioned in the PSR to conclude that the Texas assault convictions were crimes of violence. Exh. A. Such materials included victim statements and the police reports. If the crimes were divisible, *i.e.*, the crime provides for several different ways in which a violation may occur, the court can consider only a small subset of extraneous records to determine whether a crime is a crime of violence. If it is not divisible, the district court would be limited to the statutory definition of the crime. Even if divisible, the additional records that the court could consider would still be limited to the charging document, the terms of the plea agreement, the plea colloquy or some comparable judicial record of said information. The Seventh Circuit expressed no opinion on the divisibility of the Texas statute or on whether or not the court committed plain error. The Seventh Circuit thus denied Mr. Stobbs motion to withdraw and to file briefs on the requested issues.

After Mr. Stobbs filed the appellate brief on these issues, Mr. Fein of Rosenblum, Schwartz, Rogers & Glass, P.C., entered his appearance on behalf of the Defendant. As a

result of the entry, Mr. Stobbs was allowed to withdraw from the case. The Government filed a brief in response confessing error and requested that the Seventh Circuit remand the case for re-sentencing.

On May 21, 2010, the Seventh Circuit filed its opinion affirming the Defendant's conviction. A true and correct copy of the opinion is hereto attached as Exhibit B. The Seventh Circuit acknowledged that Defendant's status as a career offender was based on two convictions for domestic assault. *Id.* The Texas statute, however, permits conviction for reckless conduct, and a crime of violence for career offender purposes is limited to purposeful offenses. *Id.* The Seventh Circuit also found that the Texas statute was divisible, meaning that the court could rely on a small subset of extraneous information, such as the charging papers, plea colloquy and any judicial findings or admissions to ascertain the nature of the conviction. *Id.* Notwithstanding the Government's confession of error, however, the Seventh Circuit affirmed the conviction and did so on the basis of the burdens of production and persuasion. *Id.* The Seventh Circuit noted that there was no evidence in the record regarding the plea colloquy or any other judicial admissions made by Defendant at such proceedings "*because his lawyer did not contest the presentence report's classification of his convictions*[.]" *Id.* (emphasis added). While the Seventh Circuit opines that such documents were not provided because counsel knew what those documents would show, that is not the case because Defendant specifically requested that his counsel obtain his criminal records to fight the career offender designation. Mr. Stobbs did not do so and instead relied on the information provided by the Government during discovery. Indeed, on appeal, it was the Government and not Mr. Stobbs that supplemented the record on appeal with the judgment of conviction and the

6

charging documents in the Texas cases. In the end, the Seventh Circuit affirmed the judgment because with a divisible crime where extraneous records can be examined, the existence of a silent record means that the Defendant had not met his burden of production and persuasion on the issue of plain error.

### (2)    Substantive Facts

Early on in the representation, Mr. Stobbs advised Defendant of the possibility that he could be a career offender. *See* Letter from J. Stobbs to Defendant dated 9/30/2008, hereto attached as Exhibit C. Upon learning of this possibility and being advised of the potential effect it had on his sentence, Defendant instructed Mr. Stobbs to do everything in his power to fight the career offender designation. For example, Defendant asked Mr. Stobbs to order the records from Hidalgo County and to contact his Texas criminal attorney, Abiel Flores, to obtain any and all information regarding his conviction. This is confirmed by the correspondence from Mr. Stobbs to the Defendant, wherein he indicates that he will, in fact, order the records from Hidalgo County (Exhibit C) and coordinate with his Texas attorney in obtaining the records. See Letter from J. Stobbs to Defendant dated 10/21/08, hereto attached as Exhibit D and Letter from J. Stobbs to Defendant dated 11/14/08, hereto attached as Exhibit E. The aforementioned letters demonstrate that the Defendant was very concerned about the career offender designation. Notwithstanding that concern, Mr. Stobbs did not obtain any records from Hidalgo County, nor did he obtain any records from his Texas criminal defense attorney, Mr. Flores. Rather, he relied simply on what was provided to him in discovery by the Government. *See* Exhibit E. This can be demonstrated by the fact that it was the Government and not Mr. Stobbs that supplemented the record on appeal with respect to

the various records from Hidalgo County. On the few occasions where Defendant had an opportunity to speak with Mr. Stobbs either by phone or in person, Defendant requested the status of such records. Mr. Stobbs simply responded that he had all he needed to determine whether or not he was a career offender. But, as the Seventh Circuit decision makes clear, there was applicable law in the Seventh Circuit and in the U.S. Supreme Court, which should have put Mr. Stobbs on notice of potential arguments which could have been raised on his behalf at sentencing. It is clear that Mr. Stobbs was not aware of the prevailing law with respect to the career offender designation as he filed an "Anders" brief indicating that he had no meritorious issues on appeal.

More importantly, Mr. Stobbs failed to object or challenge Defendant's career offender designation at sentencing. Had such an objection been filed, it would have been the Government's burden at sentencing to produce evidence to overturn the objection. The Seventh Circuit noted that there was no evidence in the record of plea colloquies or judicial admissions to determine whether the offenses were crimes of violence. It would have been the Government's burden at the sentencing hearing to produce such evidence, and without it, as the Seventh Circuit implicitly acknowledges, no determination could have been made that the crimes at issue were crimes of violence. In fact, Defendant asserts that they were not crimes of violence and has always maintained that fact with Mr. Stobbs, thus indicating his belief that he was convicted under the reckless prong of the statute, which would not qualify under the career offender guidelines. So, if Mr. Stobbs had in fact ordered the records as promised or lodged an objection as directed, the outcome of the sentencing hearing would have been different. Without the career offender designation, Defendant would have been at Level 31 and criminal category IV

(after acceptance of responsibility), with an advisory guideline range of 151-188 months, a difference of 149 months on the low end and 112 months on the high end.

In addition, it is clear that Mr. Stobbs did not know the prevailing law regarding what information the court could consider regarding the career offender guidelines. The PSR describes Defendant's convictions with references to the police report, information which is not to be considered in determining an offense's classification. Again, no objection was ever lodged to any of the convictions or the information describing it.

Mr. Stobbs was fully aware of Defendant's concerns regarding the career offender guidelines. Mr. Stobbs failed to do as Defendant instructed in objecting to and obtaining any and all information regarding the conviction. Mr. Stobbs was also deficient in not being aware of prevailing case law regarding how crimes of violence were classified and what information a court could and could not consider with respect to such a classification. As a result, Defendant was prejudiced by receiving a 300 months sentence, whereas he more than likely wouldhave received a sentence in the range of 151-188 months.

(b)    Defendant did not raise these grounds in his direct appeal as it was not relevant to the ultimate issue on the appeal, which was the procedural and substantive unreasonableness of the sentence imposed.

(c)    Defendant has not raised this issue in any post-conviction motion, petition or application.

**Ground Two**: Ineffective Assistance of Counsel During Appellate Phase

(a)    **Supporting Facts**:

Defendant hereby incorporates facts as stated in Ground One. Specifically, after the Seventh Circuit rejected Defense counsel's Anders brief, Mr. Stobbs failed to obtain the required records from Hidalgo County, which could have satisfied Appellant's burden on appeal to prove plain error. As the Seventh Circuit noted, the Court affirmed because the record was silent and thus the Appellant did not carry his burden to show plain error. Had such documents been ordered, Defendant would have been able to meet his burden.

     (b)     Defendant did not raise these grounds in his direct appeal as it was not relevant to the ultimate issue on the appeal, which was the procedural and substantive unreasonableness of the sentence imposed.

     (c)     Defendant has not raised this issue in any post-conviction motion, petition or application.

14.     None of the grounds in this motion has previously been presented in any federal court. Defendant did not raise these grounds in his direct appeal as it was not relevant to the ultimate issue on the appeal, which was [insert].

15.     Defendant does not have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment he is currently challenging.

16.     There was no preliminary hearing or trial in this matter. Defendant's attorney for the arraignment, plea, and sentencing was John D. Stobbs, II, Stobbs Law Offices, 307 Henry Street, Suite 211, Alton, IL 62002. On appeal, Mr. Stobbs was appointed as appellate counsel for Defendant's appeal to the United States Court of Appeals for the Seventh Circuit. Late in the appellate process, Mr. Adam Fein of Rosenblum, Schwartz, Rogers & Glass, PC, 120 S. Central Avenue, Suite 130, St. Louis, MO 63105, entered his appearance on behalf of the Defendant. As a result, Mr. Stobbs

filed a motion to withdraw which was granted. In the current post-conviction proceeding,

Mr. Ramirez is represented by the aforementioned firm.

17.    Defendant was not sentenced on more than one count of an indictment, or

on more than one indictment, in the same court and at the same time.

18.    Defendant does not have any future sentence to serve after completing the

sentence for the judgment he is currently challenging.

WHEREFORE, in light of the foregoing, Defendant respectfully asks that the

Court vacate and set aside his sentence, and for any other relief that the Court deems just

and proper.

Dated: August 18, 2011.

                                    Respectfully submitted,

                                    ROSENBLUM, SCHWARTZ, ROGERS &
                                    GLASS, PC

                         By:    /s/Erin R. Griebel
                                    ERIN R. GRIEBEL, #6274229
                                    120 S. Central Avenue, Suite 130
                                    St. Louis, MO 63105
                                    Telephone: (314) 862-4332
                                    Facsimile: (314) 862-8050
                                    E-mail: egriebel@rsrglaw.com

                                    Attorney for Defendant, Israel C. Ramirez

## **DECLARATION**

The undersigned hereby declares under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. 2255 was electronically filed on August 18, 2011. The undersigned is the attorney for the Petitioner, Israel C. Ramirez, who has authorized the undersigned to file this motion on his behalf. The facts contained in this Motion were obtained from the case file, docket sheets, and relevant court documents as well as from information provided by the Petitioner. Although the Petitioner has been able to contact counsel by telephone to provide facts related to this motion, this office (despite several attempts) has not been successful in contacting his case manager at FCI Beaumont so that the document could be sent to the Petitioner for his signature prior to the filing deadline. In fact, this office has experienced difficulties of this nature before in attempting to communicate with Petitioner's case manager. Executed this 18th day of August, 2011.

Erin R. Griebel

12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| ISRAEL C. RAMIREZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Cause No. 3:11-CV-00719-JPG |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| JOHN B. FOX, WARDEN FCI | ) |
| BEAMONT | ) |
| | ) |
| Respondents. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded by the Court's electronic filing system to all attorneys of record this 18th day of August, 2011.

ROSENBLUM, SCHWARTZ, ROGERS &
GLASS, PC

By:  /s/Erin R. Griebel
ERIN R. GRIEBEL, #
120 S. Central Avenue, Suite 130
St. Louis, MO 63105
Telephone:  (314) 862-4332
Facsimile:  (314) 862-8050
E-mail:  gsison@rsrglaw.com

Attorney for Defendant, Israel C. Ramirez