IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ISRAEL C. RAMIREZ, # 07473-025,** | ) | |
| | ) | |
| | ) | |
| Petitioner/Defendant, | ) | CIVIL NO. 11-cv-719-JPG |
| | ) | |
| vs. | ) | CRIMINAL NO. 08-cr-30182-JPG |
| | ) | |
| **UNITED STATES of AMERICA,** | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. On December 2, 2008, Petitioner was convicted after entering an open guilty plea to one count of possession with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii). On March 26, 2009, Petitioner was sentenced to 300 months imprisonment, 5 years supervised release, a fine of $500, and a special assessment of $100 (Docs. 37 & 47, in criminal case). He was sentenced as a career offender based on two state felony convictions for domestic assault in Texas, which this Court determined to be "crimes of violence" within the meaning of U.S.S.G. §§ 4B1.1(a), 4B1.2 (*See* Doc. 2-2, p. 2).

Petitioner was initially represented on his direct appeal by his trial attorney, John Stobbs, who filed a motion in the appellate court to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). That motion was denied, and substitute counsel was appointed. Petitioner then raised the following issues on appeal: (1) the Texas domestic assault statute, which inlcudes

both intentional and reckless conduct as possible elements of the offense, is not divisible, thus Petitioner's convictions should not have been counted as predicate "violent felonies" to sentence him as a career offender;

(2) alternatively, if the Texas statute is divisible, sentencing him as a career offender was plain error where the record was insufficient to support a finding that the Texas convictions were violent felonies.  Petitioner's conviction and sentence were affirmed on direct appeal. *United States v. Ramirez*, 606 F.3d 396 (7th Cir. 2010) (Doc. 2-3). The appellate court found that the Texas statute was divisible.  However, despite the government's confession of error, the court concluded that Petitioner had not met his burden to demonstrate both plain error and prejudice based on the available record.

Petitioner did not apply for a writ of certiorari to the Supreme Court of the United States, therefore his conviction became final on August 19, 2010, 90 days following the Seventh Circuit's decision of May 21, 2010.  *See Clay v. United States*, 537 U.S. 522, 525 (2003) (for defendant who does not file petition for writ of certiorari on direct review, one-year limitation period for filing § 2255 motion starts to run when the time for seeking Supreme Court review expires).  Petitioner, by counsel, timely filed the instant motion on August 18, 2011.  *See* 28 U.S.C. § 2255(f)(1).

Petitioner raises two grounds for relief in his § 2255 motion.  First, trial counsel was ineffective during the sentencing phase, in that he failed to raise any objections to the pre-sentence report ("PSR") that would have affected the calculation of the advisory sentencing guideline range, nor did he object to the application of the career offender guidelines (Doc. 2, pp. 3-4).  The initial PSR set the advisory guideline range at 121 to 151 months.  However, after the

PSR was amended to reflect the career offender status, the advisory guideline range went up to 262 to 327 months. Further, counsel failed to obtain Petitioner's Texas criminal records in order to contest the career offender designation.

Petitioner's second ground is that Attorney Stobbs provided ineffective assistance during the appellate phase, for failing to obtain the Texas records that were needed in order for Petitioner to meet his burden to prove plain error (Doc. 2, pp. 9-10).

Although Petitioner pled guilty, the open plea did not include any waiver of the right to appeal or to collaterally attack his conviction. Petitioner did pursue a direct appeal, though without success. Thus, the guilty plea presents no barrier to the consideration of Petitioner's § 2255 motion.

## Disposition

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order (on or before August 24, 2012). The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

DATED:   July 24, 2012

*s/J. Phil Gilbert*<br>
United States District Judge