IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISRAEL C. RAMIREZ,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 11-cv-719-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Israel C. Ramirez's ("Ramirez") motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 2) to which the Government has responded (Doc. 8). For the following reasons, the Court denies Ramirez's § 2255 motion

1. **Facts**

On December 2, 2008, Ramirez entered an open plea of guilty to possessing over two tons of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On March 26, 2009, this Court sentenced Ramirez as a career offender to 300 months' incarceration, five years' supervised release, a $500 fine, and a $100 special assessment. Attorney John D. Stobbs ("Stobbs") represented Ramirez throughout these proceedings and on direct appeal. At sentencing, Stobbs failed to object to Ramirez's career offender classification.

On direct appeal, Stobbs initially filed a motion to withdraw and an *Anders* brief contending that he could not make a non-frivolous argument. The Seventh Circuit, however, denied Stobbs's motion to withdraw concluding that a non-frivolous argument could be made with regard to Ramirez's career offender classification. Stobbs then made the following

arguments on appeal: (1) Ramirez's Texas domestic assault convictions were not divisible and should not have impacted his career offender status; and (2) If those convictions were divisible, the Court committed plain error when it sentenced Ramirez as a career offender absent a sufficient record to conclude the nature of the Texas convictions.

Ramirez's career offender classification depended on whether his two Texas domestic assault convictions were crimes of violence. The Texas statute under which Ramirez was convicted made it a felony to "intentionally, knowingly, or recklessly" cause bodily injury to a family member. Tex. Penal Code § 22.01(a)(1), (b)(2) (1999). For purposes of the career offender guideline, a conviction under the "intentional" or "knowing" prongs of the statute is a crime of violence; however, a conviction under the "reckless" prong is not a crime of violence. *See Begay v. United States*, 553 U.S. 137 (2008); *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009). Accordingly, the Seventh Circuit concluded that the Texas statute under which Ramirez was convicted is divisible, meaning the court can consider certain underlying documents to determine under which prong Ramirez was convicted. *See United States v. Ramirez*, 606 F.3d 396, 397-98 (7th Cir. 2010) (citing *Taylor v. United States*, 495 U.S. 575 (1990); *Shepard v. United States*, 544 U.S. 13 (2005)). The record, however, included only the Texas indictments and judgments which did not shed light on the nature of the conviction. Thus, Ramirez argued the Court committed plain error when it applied the career offender enhancement absent the appropriate record and he was entitled to be resentenced.

After briefing the matter, the Government confessed error and agreed that Ramirez should be resentenced. The Seventh Circuit, however, concluded that the record did not support a plain error finding and thus affirmed Ramirez's sentence. Specifically, the Seventh Circuit found Ramirez (1) failed to demonstrate that the presentence investigation report, which stated

his Texas convictions appeared to consist of deliberate behavior, was incorrect; and (2) did not argue that the proper documentation would dispute the presentence investigation report. Accordingly, Ramirez failed to meet his burden of proving error.

In his instant § 2255 motion, Ramirez raises two grounds for relief. Ground one alleges ineffective assistance of counsel during the sentencing phase for counsel's failure to object to his career offender classification. Ground Two alleges ineffective assistance of counsel during the appellate phase for Stobbs' failure to obtain the appropriate underlying documents from his Texas convictions. The Government responded arguing that Ramirez's claim is not cognizable in a § 2255 motion. If the Court finds they are cognizable, the Government alternatively argues Ramirez's claim still must fail because he fails to establish either deficient performance or prejudice under the *Strickland* standard.

   2. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816. However, the failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34. In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from counsel's performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

> **a. Ramirez's Ineffective Assistance of Counsel Claims are Cognizable in a § 2255 Motion**

The Government first argues that Ramirez's ineffective assistance of counsel claims are not cognizable in a § 2255 motion. In support of its argument, the Government cites to an unpublished Northern District of Illinois § 2255 case in which the petitioner challenged the court's application of the sentencing guidelines. *Pierce v. United States*, Case Nos. 93-C-487 & 88-CR-823-1, 1993 WL 472894 (N.D. Ill. Nov. 15, 1993). In *Pierce*, the court dismissed the § 2255 petition, noting that the petitioner "failed to demonstrate the existence of 'extraordinary circumstances' or to convince the court that he is seeking relief from constitutional errors."

4

*Pierce*, 1993 WL 472894, at *4. Specifically, the court noted that the Seventh Circuit had not clarified whether there was a due process liberty interest in the correct application of the guidelines. *Id*.

The Government seems to ignore the Seventh Circuit's reasoning that "[i]n the sentencing context, an attorney's unreasonable failure to identify and bring to a court's attention an error in the court's Guidelines calculations that results in a longer sentence may constitute ineffective assistance entitling the defendant to relief." *United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011) (citing *Glover v. United States*, 531 U.S. 198 (2001)). Here, unlike *Pierce*, Ramirez brings claims alleging ineffective assistance of counsel, undoubtedly a claim of constitutional magnitude, alleging that counsel unreasonably failed to object to his Guideline classification as a career offender. His career offender classification undoubtedly increased his guideline range. Accordingly, his ineffective assistance of counsel claims are cognizable in a § 2255 motion, and the Court will now turn to consider them.

      **b. Ramirez Fails to Establish Prejudice**

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v.*

5

*United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).  A petitioner's "failure to satisfy either prong is fatal to his claim."  *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).  "As such, '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.  *Id*. (quoting *Strickland*, 466 U.S. at 697).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.  *Wyatt*, 574 F.3d at 458.  The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance.  *Id.*  The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458.  Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record.  *Strickland*, 466 U.S. at 689.  The Court cannot become a "Monday morning quarterback."  *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable."  *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).  "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome."  *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

Without reaching the question of counsel's performance, Ramirez's ineffective assistance claims fail for lack of prejudice. Ramirez maintains that his Texas convictions, in fact, were not crimes of violence. Thus, he reasons that Stobbs was ineffective for failure to object to his resulting career offender classification at sentencing and for failing to provide those documents on appeal to prove plain error. Ramirez, however, again fails to attach the underlying records for this Court's consideration. Without such documentation, the Court is unable to determine whether Ramirez's Texas convictions fell under the reckless prong of that statute resulting in his inappropriate classification as a career offender. Ramirez does not contend that he was unable to obtain the records or that those records do not exist. Thus, Ramirez has failed to show that there is a reasonable probability that the outcome of his sentencing or appeal would have been different. Accordingly, because Ramirez has failed to show that he was prejudiced by Stobbs' alleged deficient performance his claim for ineffective assistance of counsel must fail.

### 3. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rule of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to Ramirez. A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahil-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska*, 246 F.3d at 1045. "A petitioner makes a 'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v.*

*United States*, 574 F.3d 847 (7th Cir. 2009) (citing *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008)).

Because Ramirez failed to establish he suffered prejudice from his counsel's alleged deficient performance, he thus has failed to establish a substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability. However, pursuant to Federal Rule of Appellate Procedure 22(b), Ramirez may renew his request for a certificate of appealability to the Court of Appeals for the Seventh Circuit.

### 4. Conclusion

For the foregoing reasons, the Court:

- **DENIES** Ramirez's § 2255 motion (Doc. 2);
- **DECLINES** to issue a certificate of appealability; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly

**IT IS SO ORDERED.**

**DATED:** January 30, 2013

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**