IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISRAEL C. RAMIREZ,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 11-cv-719-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Israel C. Ramirez's Rule 60(b) motion (Doc. 160) in which he asks this Court to vacate its judgment denying Ramirez's § 2255 motion. For the following reasons, the Court denies Ramirez's motion.

**1. Background**

On December 2, 2008, Ramirez entered an open plea of guilty to possessing over two tons of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On March 26, 2009, this Court sentenced Ramirez as a career offender to 300 months' incarceration, five years' supervised release, a $500 fine, and a $100 special assessment. Attorney John D. Stobbs ("Stobbs") represented Ramirez throughout these proceedings and on direct appeal. At sentencing, Stobbs failed to object to Ramirez's career offender classification.

On direct appeal, Stobbs initially filed a motion to withdraw and an *Anders* brief contending that he could not make a non-frivolous argument. The Seventh Circuit, however, denied Stobbs's motion to withdraw concluding that a non-frivolous argument could be made with regard to Ramirez's career offender classification. Stobbs then made the following arguments on appeal: (1) Ramirez's Texas domestic assault convictions were not divisible and

should not have impacted his career offender status; and (2) if those convictions were divisible, the Court committed plain error when it sentenced Ramirez as a career offender absent a sufficient record to conclude the nature of the Texas convictions.

Ramirez's career offender classification depended on whether his two Texas domestic assault convictions were crimes of violence. The Texas statute under which Ramirez was convicted made it a felony to "intentionally, knowingly, or recklessly" cause bodily injury to a family member. Tex. Penal Code § 22.01(a)(1), (b)(2) (1999). For purposes of the career offender guideline, a conviction under the "intentional" or "knowing" prongs of the statute is a crime of violence; however, a conviction under the "reckless" prong is not a crime of violence. *See Begay v. United States*, 553 U.S. 137 (2008); *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009). Accordingly, the Seventh Circuit concluded that the Texas statute under which Ramirez was convicted is divisible, meaning the court can consider certain underlying documents to determine under which prong Ramirez was convicted. *See United States v. Ramirez*, 606 F.3d 396, 397-98 (7th Cir. 2010) (citing *Taylor v. United States*, 495 U.S. 575 (1990); *Shepard v. United States*, 544 U.S. 13 (2005)). The record, however, included only the Texas indictments and judgments which did not shed light on the nature of the conviction. Thus, Ramirez argued the Court committed plain error when it applied the career offender enhancement absent the appropriate record and he was entitled to be resentenced.

After briefing the matter, the Government confessed error and agreed that Ramirez should be resentenced. The Seventh Circuit, however, concluded that the record did not support a plain error finding and thus affirmed Ramirez's sentence. Specifically, the Seventh Circuit found Ramirez (1) failed to demonstrate that the presentence investigation report, which stated his Texas convictions appeared to consist of deliberate behavior, was incorrect; and (2) did not

argue that the proper documentation would dispute the presentence investigation report. Accordingly, Ramirez failed to meet his burden of proving error.

On August 18, 2011, attorney Erin Griebel filed a § 2255 motion on behalf of Ramirez raising two grounds for relief as follows: (1) ineffective assistance of counsel during the sentencing phase for counsel's failure to object to Ramirez's career offender classification; and (2) ineffective assistance of counsel during the appellate phase for counsel's failure to obtain the appropriate underlying documents from his Texas convictions. On January 30, 2013, this Court denied Ramirez's § 2255 motion (Doc. 9) finding that Ramirez failed to establish the prejudice prong of *Strickland*. Specifically, Ramirez failed to attach the relevant records from his Texas conviction or even allege that the underlying documents would preclude a finding that his Texas conviction was a crime of violence.

Ramirez explains that counsel did not send him a copy of this Court's order and judgment, and he only found out about the order and judgment after he wrote a letter to the Clerk of Court asking for the status of his case. Soon thereafter, on November 12, 2013, Ramirez filed the instant *pro se* motion to vacate this Court's January 30, 2013, pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 16). Five days earlier, Ramirez filed a notice of appeal (Doc. 11). Ramirez argues this Court made a mistake when it denied his § 2255 motion. Specifically, Ramirez asserts there was sufficient evidence in the record "to establish that jurists of reason could debate whether there exists a reasonable probability that the outcome of my sentencing or appeal would have been different" and the Court erred when it "fail[ed] to provide notice of the complaint's deficiencies and afford the opportunity to amend the complaint." Finally, Ramirez argues his § 2255 counsel provided ineffective assistance of counsel for failing to file a notice of

appeal as instructed. The Court will now review whether Ramirez is entitled to the relief requested in his motion.

**2. Analysis**

First, the Court must consider whether Ramirez's motion is a Rule 60(b) motion or a successive § 2255 motion. A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816. Here, Ramirez asserts errors in the § 2255 proceedings and does not assert or reassert claims of error in his conviction. Accordingly, his motion is properly considered as a Rule 60(b) motion.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that

should have been raised before the court made its decision.  *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).  Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b).  *McCormick*, 230 F.3d at 327.

First, the Court will consider Ramirez's arguments that this Court made a mistake when it denied his § 2255 motion without a hearing and dismissed his motion.  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).  Ramirez's § 2255 motion asserted two ineffective assistance of counsel claims.  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

Here, the Court denied Ramirez's motion because he failed to (1) attach the underlying conviction documents demonstrating he was not convicted of a crime of violence; or (2) merely allege his underlying convictions would not qualify him for career offender status.  While it is true that the Government bore the burden at sentencing to show Ramirez's convictions made him eligible for the career offender enhancement, in § 2255 proceedings it is the petitioner's burden to establish prejudice.  In his motion to vacate, Ramirez still fails to even allege that the underlying documents would indicate his Texas conviction was not a crime of violence.  Because

Ramirez failed to even allege prejudice, the Court properly denied Ramirez's § 2255 motion. The Court further notes that Ramirez never sought leave to amend his § 2255 motion. Accordingly, Ramirez has failed to establish this Court made a mistake warranting relief under Rule 60(b).

Next, Ramirez argues he is entitled to relief because his habeas counsel was ineffective. The right to effective assistance of counsel, however, does not extend to § 2255 proceedings. *Cannon v. United States*, 326 F. App'x 393, 395 (7th Cir. 2009) (citing 28 U.S.C. § 2254(i)). As such, Ramirez is not entitled to relief based on his counsel's performance.

### 3. Conclusion

For the foregoing reasons, the Court **DENIES** Ramirez's motion (Doc. 16). *See Boyko v. Anderson*, 185 F.3d 672, 674 (7th Cir. 1999) (the district court may deny a Rule 60(b) motion while the case is on appeal).

**IT IS SO ORDERED.**

**DATED:** November 19, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**