IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISRAEL C. RAMIREZ,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Civil Case No. 11-cv-719-JPG
Criminal Case No. 08-cr-30182

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Israel C. Ramirez's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 2). Per the Order of United States Court of Appeals for the Seventh Circuit (Doc. 42), this matter under 28 U.S.C. § 2255 was reopened on September 28, 2015. Respondent filed a Response (Doc. 46) and Petitioner filed a Reply (Doc. 53). For the following reasons, the Court grants Petitioner's Motion.

1. **Background.**

On December 2, 2008, Ramirez entered an open plea of guilty to possessing over two tons of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On March 26, 2009, this Court sentenced Ramirez as a career offender to 300 months' incarceration, five years' supervised release, a $500 fine, and a $100 special assessment. Attorney John D. Stobbs ("Stobbs") represented Ramirez throughout these proceedings. At sentencing, Stobbs failed to object to Ramirez's career offender classification. *See USA v. Ramirez*, 08-cr-30182.

On direct appeal, Stobbs initially filed a motion to withdraw and an *Anders* brief contending that he could not make a non-frivolous argument. The Seventh Circuit, however, denied Stobbs's motion to withdraw concluding that a non-frivolous argument could be made with regard to Ramirez's career offender classification. Stobbs then made the following arguments on

appeal: (1) Ramirez's Texas domestic assault convictions were not divisible and should not have impacted his career offender status; and (2) if those convictions were divisible, the Court committed plain error when it sentenced Ramirez as a career offender absent a sufficient record to conclude the nature of the Texas convictions.

Ramirez's career offender classification depended on whether his two Texas domestic assault convictions were crimes of violence. The Texas statute under which Ramirez was convicted made it a felony to "intentionally, knowingly, or recklessly" cause bodily injury to a family member. Tex. Penal Code § 22.01(a)(1), (b)(2) (1999). For purposes of the career offender guideline, a conviction under the "intentional" or "knowing" prongs of the statute is a crime of violence; however, a conviction under the "reckless" prong is not a crime of violence. *See Begay v. United States*, 553 U.S. 137 (2008); *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009).

Accordingly, the Seventh Circuit concluded that the Texas statute under which Ramirez was convicted is divisible, meaning the court can consider certain underlying documents to determine under which prong Ramirez was convicted. *See United States v. Ramirez*, 606 F.3d 396, 397-98 (7th Cir. 2010) (citing *Taylor v. United States*, 495 U.S. 575 (1990); *Shepard v. United States*, 544 U.S. 13 (2005)). The record, however, included only the Texas indictments and judgments which did not shed light on the nature of the conviction. Thus, Ramirez argued the Court committed plain error when it applied the career offender enhancement absent the appropriate record and he was entitled to be resentenced.

After briefing the matter, the Government confessed error and agreed that Ramirez should be resentenced. The Seventh Circuit, however, concluded that the record did not support a plain error finding and thus affirmed Ramirez's sentence. Specifically, the Seventh Circuit found Ramirez (1) failed to demonstrate that the presentence investigation report, which stated his

Texas convictions appeared to consist of deliberate behavior, was incorrect; and (2) that he did not argue that he was deceived or mislead into not protesting in the district court. Accordingly, the Seventh Circuit held that Ramirez failed to meet his burden of proving error.

The Petitioner, through attorney Erin Griebel, then filed the instant § 2255 motion on August 18, 2011. He raised two grounds for relief. Ground one which alleged ineffective assistance of counsel during the sentencing phase for counsel's failure to object to his career offender classification and ground two which alleged ineffective assistance of counsel during the appellate phase for Stobbs' failure to obtain the appropriate underlying documents from his Texas convictions.

However, Ramirez again failed to attach the underlying records and without such documentation, the Court was unable to determine whether Ramirez's Texas convictions fell under the reckless prong and/or established prejudice. The Court denied Petitioner's § 2255 motion and certificate of appealability on January 30, 2013. (Doc. 9). Petitioner appealed (Doc. 11) and also filed a Federal Rule of Civil Procedure 60(b)(6) motion (Doc. 16). On November 19, 2013, the Court denied Petitioner's Rule 60(b)(6) motion on the basis that the Petitioner once again failed to establish prejudice and that there was no right to claim ineffective assistance counsel on collateral review. (Doc. 17). Petitioner then appealed the denial of the Rule 60(b)(6) motion (Doc. 20).

The United States Court of Appeals for the Seventh Circuit dismissed Petitioner's appeal (Doc. 31) of the denial of § 2255 motion for lack of jurisdiction. The appellate court stated that the denial was entered on January 30, 2013 and the appeal was not filed until November 7, 2013. As such, it was over seven months late and the district court did not grant an extension of the appeal period. *See Ramirez v. USA*, 799 F.3d 845 (7th Cir. 2014).

However, with regard to the appeal of the Rule 60(b)(6), the Seventh Circuit vacated the denial of the Rule 60(b)(6) motion and remanded with instructions to grant the Rule 60(b)(6) motion and reopen the proceedings under § 2255. The Court found that district court's reliance on *Coleman v. Thompson*, 501 U.S. 722, 752 (199) was incorrect and that the district court should have made its determination based on *Trevino v. Thaler*, 133 S. Co. 1911 (2013) and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Those two cases changed the "approach to claims of ineffective assistance of counsel at initial-review collateral proceedings."

The Court further stated that the, "record was insufficient to determine if Ramirez has other qualifying convictions that might support affirmance of the sentence on other ground." (Doc. 42-1) *See also Ramirez v. USA*, 13-3889 (7th Cir. 2015).

As directed, this Court vacated its order denying Petitioner's Rule 60(b)(6) and granted the motion. The Court further reopened this matter and Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is once again before the Court.

2. **Standard**.

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const.

amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2431 (2010); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.  *Wyatt*, 574 F.3d at 458.  The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance.  *Id.*  The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458.  Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record.  *Strickland*, 466 U.S. at 689.  The Court cannot become a "Monday morning quarterback."  *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).  "A reasonable probability is defined as one that is

sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

3. **Analysis**.

The Petitioner alleges ineffective assistance of counsel during the sentencing phase for counsel's failure to object to Petitioner's career offender classification and alleged ineffective assistance of counsel during the appellate phase for counsel's failure to obtain the appropriate underlying documents from Petitioner's Texas convictions. (Doc. 2).

The Seventh Circuit has stated that Petitioner's "trial counsel's performance was deficient. An attorney's failure to object to an error in the court's guidelines calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance." The Court further held that that counsel's deficiency prejudiced the Petitioner as it was the government's burden to show that Ramirez's prior convictions, "were knowing or intentional conduct, not reckless actions."(Doc. 42-1, pg 16). As the government has conceded, it could not meet that burden with regard to the two Texas convictions. The Seventh Circuit, however, stated that the record was, "insufficient to determine if Ramirez has other qualifying convictions that might support an affirmance of the sentence on other grounds." The Seventh Circuit also found that, "Counsel's abandonment deprived Ramirez of the ability to press his ineffective assistance argument on appeal.[1]" *Id.*

The Seventh Circuit found that Petitioner meet the first prongs of the *Strickland* test by determining that Petitioner's trial counsel's performance was deficient by failing to object to the Petitioner's career offender status. The Seventh Circuit stated that the Petitioner need only to

---

[1] The Seventh Circuit also noted that the Petitioner was classified as a career offender under § 4B1.2(a)(2)'s residual clause which was affected by the Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and that, "it may warrant attention on remand." However, as noted in the government's response, *Johnson* is immaterial if the Petitioner is no longer classified as a career offender.

show that his sentence, "would have been different has counsel objected to his characterization as a career offender" in order to demonstrate prejudice. The advisory guidelines, which the Court considered, strongly suggests that the Petitioner's sentence may have been lower. However, as the Seventh Circuit noted, there may be other qualifying conviction which would have still placed the Petitioner in a career offender status.

In the Government's response, it states that, "[w]ith respect to the two convictions utilized by the District Court in sentencing Ramirez as a Career Offender – the two vicious assaults on his wife in Texas Case Nos. CR-0335-01 and CR-0984-01-E - the Government has no further documents to support its claims that these should be considered crimes of violence under the Career Offender provision. The Government also indicates that it has no additional records that would establish the Petitioner as a career offender.

The only argument that the Government puts forth is that, "if this Court should find that it would have sentenced the violence-proned Ramirez to the same 300-months sentence even without relying on the Career Offender provision, then it cannot be said that counsel's deficient performance prejudiced Ramirez." (Doc. 46, pg 4).

Petitioner's reply indicates that, regardless of whether the guidelines are advisory, the government provides no authority that an error in the guidelines range does not affect a defendant's sentence – especially since this court in sentencing the Petitioner stated it considered the "guideline computations." Petitioner also contends that a 300-month sentence, "would be substantively unreasonable without the career-offender enhancement." (Doc. 53).

Petitioner's initial advisory guideline[2] range was 151 - 188 months and with the career offender enhancement, his advisory guideline range became 262 to 327 months. The Court takes all factors into consideration and although some factors may weigh more heavily than others,

---
[2] 2008 edition of the Guidelines Manual.

each affects the final decision of the Court. As such, the Court cannot state that it would have sentenced Mr. Ramirez to the same the sentence without consideration of the guideline computations.

The Petitioner has met both prongs of the *Strickland* test. He directed the Court to the specific act or omission (failing to object to his career offender status) of his trial counsel and that there is a reasonable probability based on the advisory guideline that, but for counsel's unprofessional errors, the result of the proceedings would have been different as the Texas convictions should not have been used and there were no other convictions that would have placed the Petitioner in a career offender status. As such, the proceedings were fundamentally unfair or unreliable. Petitioner's alleged ineffective assistance of counsel during the appellate phase for counsel's failure to obtain the appropriate underlying documents from Petitioner's Texas convictions is moot upon the Court's finding that Petitioner's trial counsel was ineffective.

4. **Conclusion**.

Based on the above, the Court:

- **GRANTS** Israel C. Ramirez's § 2255 motion (Doc. 2);
- **VACATES** the sentence imposed on March 26, 2009, in Ramirez's criminal case as reflected in the judgment entered on April 2, 2009 (Doc. 47 in Case No. 08-cr-30182-JPG); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 3/17/2016                         *s/J. Phil Gilbert*
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**